UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

TRAVIS THACHER and
LAUREN THACHER,

     Plaintiffs,

v.

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD.,

     Defendant.

_____/

## COMPLAINT AND JURY DEMAND

The Plaintiffs, TRAVIS THACHER and LAUREN THACHER by and through undersigned counsel, sues the Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD., a Florida Limited Partnership, d/b/a UNIVERSAL ORLANDO RESORT (hereinafter "UNIVERSAL"), and in support of his lawsuit states the following:

## THE PARTIES, JURISDICTION AND VENUE

1.    At all times material hereto, the Plaintiff, TRAVIS THACHER was, and is, a resident of Cooper County, Missouri.

2.     At all times material hereto, the Plaintiff, LAUREN THACHER was, and is, a resident of Cooper County, Missouri.

3.     At all times material hereto, the Defendant, UNIVERSAL was a limited partnership organized under the laws of the State of Florida and authorized to do business in the State of Florida, and in fact, doing business in Orange County, Florida.

4.     At all times materials hereto, the Defendant, UNIVERSAL, owned, operated, maintained and/or controlled the amusement park containing a ride known as the "Hollywood Rip Ride Rockit," located at 6000 Universal Boulevard, Orlando, Florida 32819.

5.     This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

6.     Venue is proper in the Middle District of Florida as the Defendant conducts business in Orange County, Florida, and/or all of the acts complained of herein occurred in Orange County, Florida.

SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

## FACTUAL ALLEGATIONS

7.    On or about July 23, 2024, the Plaintiff, TRAVIS THACHER, was lawfully on Defendant UNIVERSAL's premises as a business invitee and rode the Hollywood Rip Ride Rockit.

8.    While riding the Hollywood Rip Ride Rockit TRAVIS THACHER experienced the roller coaster's unreasonably violent movements and unreasonably dangerous acceleration and gravitational forces, which, in turn, caused TRAVIS THACHER's head to shake violently.

9.    As a direct and proximate result of the aforementioned incident, Plaintiff sustained serious and permanent injuries to his neck and back.

10.    Unknown to TRAVIS THACHER at the time, was the fact that UNIVERSAL had known for years that the Hollywood Rip Ride Rockit was unreasonably dangerous and was causing patrons to suffer serious injuries.

11.    The Hollywood Rip Ride Rockit was built for Defendant UNIVERSAL by German manufacturer, Maurer Sohne. It is a high-speed steel roller coaster that climbs approximately 136 feet, reaches a top speed of 65 miles per hour, and exhibits one non-inverting loop.



12.    Its only restraint is a lap bar. It is not equipped with head restraints, neck restraints or upper body restraints.



13.    As a result, numerous patrons have suffered head, neck and back injuries on the Hollywood Rip Ride Rockit.

14.    Soon after the Hollywood Rip Ride Rockit opened on August 19, 2009, UNIVERSAL began receiving reports of injuries to patrons.

15.     Pursuant to Florida Statute §616.242, UNIVERSAL is required to self-report injuries to patrons on its rides to the Florida Department of Agriculture and Consumer Services ("FDACS").

16.     However, UNIVERSAL is only required to self-report incidents in which UNIVERSAL is aware that the patron is transported to a hospital or urgent care.

17.     This resulted in gross under-reporting of injuries suffered on the Hollywood Rip Ride Rockit.

18.     Further, the reports that were generated were left intentionally vague as to the cause and extent of injuries.

19.     Nevertheless, as early as October 2009, two months after the Hollywood Rip Ride Rockit opened, UNIVERSAL began self-reporting injuries to the FDACS.

20.     On October 31, 2009 UNIVERSAL reported that a 40-year-old male suffered "chest pain" on the Hollywood Rip Ride Rockit

21.     On April 24, 2010, UNIVERSAL reported that a 36-year-old male suffered "back pain" on the Hollywood Rip Ride Rockit.

SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

22.    On May 22, 2010, UNIVERSAL reported that a 45-year-old female suffered "back pain" on the Hollywood Rip Ride Rockit.

23.    On September 13, 2012, UNIVERSAL reported that a 40-year-old male suffered "chest pain" on the Hollywood Rip Ride Rockit.

24.    On June 23, 2013, UNIVERSAL reported that a 41-year-old male suffered "chest pain" on the Hollywood Rip Ride Rockit.

25.    On August 2, 2013, the Orlando Sentinel reported that the Hollywood Rip Rode Rockit roller coaster had to be closed after a rider suffered an unspecified injury. *See Jacobson, S. "Universal roller coaster is closed after rider is injured."(August 2, 2013). Orlando Sentinel.* Notably, UNIVERSAL did not self-report an injury to the FDACS that month.

26.    On October 16, 2014, UNIVERSAL reported that a 36-year-old female suffered "neck pain" on the Hollywood Rip Ride Rockit.

27.    On November 10, 2015, UNIVERSAL reported that a 35-year-old female suffered "neck pain" on the Hollywood Rip Ride Rockit.

28.    On September 1, 2016, UNIVERSAL reported that a 49-year-old male suffered "back pain" on the Hollywood Rip Ride Rockit.

**SCOLARO LAW**
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

29.     On November 21, 2018, UNIVERSAL reported that a 34-year-old female suffered "head pain" on the Hollywood Rip Ride Rockit.

30.     On July 31, 2023, UNIVERSAL reported that a 18-year-old male suffered a seizure on the Hollywood Rip Ride Rockit.

31.     On June 28, 2024, a lawsuit was filed against Defendant UNIVERSAL by a patron who suffered head injuries while riding the Hollywood Rip Ride Rocket on February 11, 2023. This incident was never reported to the FDACS.

32.     On March 11, 2025, a lawsuit was filed against Defendant UNIVERSAL by a patron who suffered head injuries while riding the Hollywood Rip Ride Rocket on May 5, 2024. This incident was never reported to the FDACS by Defendant UNIVERSAL.

33.     On October 8, 2025, a lawsuit was filed against Defendant UNIVERSAL by a patron who suffered head and neck injuries while riding the Hollywood Rip Ride Rocket on October 8, 2021. This incident was never reported to the FDACS by Defendant, UNIVERSAL.

SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

34.    Despite being aware for more than 15 years that the Hollywood Rip Ride Rockit was causing patrons to suffer serious injuries, Defendant UNIVERSAL continued to operate the ride.

35.    The Hollywood Rip Ride Rockit cost UNIVERSAL $45,000,000.00 to build and generated substantial income for Defendant UNIVERSAL while it was in service.

36.    Therefore, despite its knowledge of numerous prior serious injuries, and despite its awareness that the ride was unreasonably dangerous due to its lack of head, neck and upper body restraints, and its unreasonably dangerous G-forces, acceleration forces and violent movements,  Defendant UNIVERSAL, continued to operate the ride.

37.    Finally, in August of 2025, after 16 years of reported injuries, the Hollywood Rip Ride Rockit was closed. Unfortunately, that was too late for TRAVIS THACHER.

## COUNT I
### NEGLIGENCE
*By TRAVIS THACHER Against UNIVERSAL*

Plaintiffs restate and reallege Paragraphs 1 through 37 above as if fully set forth herein, and further state:

**SCOLARO LAW**
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

38.  At all times material hereto the Defendant, UNIVERSAL, by and through their agents, employees, and/or servants had a non-delegable duty to operate and maintain the ride known as the "Hollywood Rip Ride Rockit" in a reasonably safe manner and condition in order to prevent injury to invitees, and in particular, to Plaintiff, TRAVIS THACHER.

39.  At all times material hereto the Defendant, UNIVERSAL, by and through their agents, employees and/or servants, breached its duty by:

a.  Creating a dangerous condition by commissioning, approving, accepting, operating and maintaining an unreasonably dangerous ride;

b.  Failing to correct the dangerous condition of the ride when it knew or should have known that it was causing serious injuries to patrons;

c.  Continuing to operate the ride and allowing the dangerous condition of the ride to exist when it knew or should have known that the ride was causing serious injuries to patrons;

d.  By failing to provide neck restraints on the ride;

e.  By failing to provide head restraints on the ride;

SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

f. By failing to provide upper body restraints on the ride;

g. By allowing the ride to operate with only a lap bar as each rider's only restraint;

h. By failing to adequately, properly and sufficiently implement reasonable polices, procedures and/or mechanisms necessary to protect patrons, including TRAVIS THACHER from head, neck and back injuries despite Defendant, UNIVERSAL having actual knowledge the Hollywood Rip Ride Rockit had previously caused riders to suffer injuries similar to those suffered by TRAVIS THACHER.

39. Defendant, UNIVERSAL, knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition of the Hollywood Rip Ride Rockit, and/or the condition occurred with regularity and was therefore foreseeable, and/or the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition in the exercise of ordinary care and could have easily remedied it, yet failed to do so.

SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

40.     As a direct, proximate and foreseeable result of the negligence of the Defendant, UNIVERSAL, Plaintiff, TRAVIS THACHER, sustained serious and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity, and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries. These injuries are either permanent or continuing in their nature and TRAVIS THACHER, will suffer losses into the future.

WHEREFORE, Plaintiff, TRAVIS THACHER, respectfully demands judgment for damages, costs, and interest from the Defendant UNIVERSAL and all other relief this Court deems just and appropriate.

<u>COUNT II</u>
*Negligence*
*Failure to Warn*
*By TRAVIS THACHER Against UNIVERSAL*

The Plaintiffs re-allege and re-aver paragraphs 1 through 37 as though fully set forth herein.

**SCOLARO LAW**
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

41. At all times material hereto, and specifically on July 23, 2024, Defendant UNIVERAL, owned, managed, controlled, operated and maintained, the Hollywood Rip Ride Rocket on its premises located at 6000 Universal Boulevard, Orlando, Florida 32819.

42. Defendant UNIVERSAL owed a non-delegable duty to its patrons and to TRAVIS THACHER specifically to warn of hazardous conditions upon the premises about which it knew or reasonably should have known through the exercise of reasonable care.

43. The Hollywood Rip Ride Rockit's violent movements, acceleration and gravitational forces combined with its lack of head, neck or upper body restraints made the ride unreasonably dangerous.

44. The dangerous condition of the Hollywood Rip Ride Rockit was concealed from and/or was not apparent to TRAVIS THACHER and he was therefore unaware of it and could not have discovered it though the exercise of due care.

45. UNIVERSAL was on constructive notice of the dangerous condition of the Hollywood Rip Ride Rockit as the dangerous condition of

the ride existed for 15 years prior to the incident involving TRAVIS THACHER.

46.     UNIVERSAL had actual knowledge of the dangerous condition of the Hollywood Rip Ride Rockit as it was aware that numerous patrons were injured on the ride in the years prior to the incident involving TRAVIS THACHER.

47.     UNIVERSAL, by and through its agents, servants, and/or employees, acting with in course and scope of their employment, breached the duty it owed to TRAVIS THACHER by failing to warn him of the hazardous condition of the Hollywood Rip Ride Rockit, including but not limited to:

a. By failing to adequately, properly and sufficiently warn Plaintiff, TRAVIS THACHER of the unreasonably dangerous G-Forces, acceleration forces and/or violent movements created by the Hollywood Rip Ride Rockit, of which Defendant, UNIVERSAL had actual and constructive knowledge;

b. By failing to adequately, properly and sufficiently warn Plaintiff, TRAVIS THACHER that the Hollywood Rip Ride Rockit, was

SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

not equipped with appropriate restraints, given its G-forces, acceleration forces and/or violent movements of which Defendant, UNIVERSAL had actual and constructive knowledge;

c. By failing to adequately, properly and sufficiently warn and instruct Plaintiff, TRAVIS THACHER that the lack of head, neck or upper body restraints on the Hollywood Rip Ride Rockit's trains—coupled with the coaster's unreasonably dangerous G-forces, acceleration forces, and/or violent movements could cause patron's heads to shake unreasonably violently, despite Defendant, UNIVERSAL having actual and constructive knowledge of this fact;

d. By failing to adequately, properly and sufficiently warn and instruct that the lack of head, neck and upper body restraints on the Hollywood Rip Ride Rockit coupled with the ride's unreasonably dangerous G-Forces, acceleration forces and/or violent movements could cause patrons to suffer injuries, despite Defendant, UNIVERSAL having actual and constructive knowledge of this fact;

e. By failing to adequately, properly and sufficiently warn of the unreasonably unsafe conditions created by the violent and rough

SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

nature of the Hollywood Rip Ride Rockit, despite Defendant, UNIVERSAL having actual and constructive knowledge of this fact;

48.    Defendant, UNIVERSAL, knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition of the Hollywood Rip Ride Rockit, and/or the condition occurred with regularity and was therefore foreseeable, and/or the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition in the exercise of ordinary care and could have easily remedied it, yet failed to do so.

49.    As a direct and proximate result of the aforementioned negligence of the Defendant, Plaintiff, TRAVIS THACHER, sustained serious and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity, and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries. These injuries are either permanent or

continuing in their nature and TRAVIS THACHER, will suffer the losses into the future.

WHEREFORE, Plaintiff, TRAVIS THACHER, hereby demands judgment for damages, costs, and interest from Defendant UNIVERSAL, together with any other relief the Court deems just and appropriate.

## COUNT III
*Loss of Consortium*
*By LAUREN THACHER Against UNIVERSAL*

The Plaintiffs re-alleges and re-aver paragraphs 1 through 37 as though fully set forth herein.

50.    At all times material hereto, Plaintiff, LAUREN THACHER, was married to Plaintiff, TRAVIS THACHER, who suffered serious and life altering injuries on Defendant UNIVERSAL's Hollywood Rip Ride Rockit.

51.    Specifically, LAUREN THACHER's loss of consortium claims flow from Defendant UNIVERSAL's failure to operate and maintain its Hollywood Rip Ride Rockit in a reasonably safe condition and failure to warn TRAVIS THACHER of the dangerous condition of the Hollywood Rip Ride Rockit.

52.    As a direct and proximate result of the negligent conduct described above by the Defendant, UNIVERSAL, and the resulting injuries to Plaintiff TRAVIS THACHER, including but not limited to extensive medical treatment, hospitalization, and surgery, Plaintiff LAUREN THACHER suffered the loss of her husband's consortium, attention, affection, comfort, solace, companionship, support, services, society, conjugal life, fellowship, assistance, and suffered impairment of the marital relationship she had with the Plaintiff, TRAVIS THACHER.

53.    LAUREN THACHER's losses are permanent and continuing in nature and LAUREN THACHER will suffer those losses in the future.

WHEREFORE, Plaintiff, LAUREN THACHER, respectfully demands judgment for damages for loss of consortium, costs, and interest from the Defendant UNIVERSAL and all other relief this Court deems just and appropriate.

## COUNT IV
### *PUNITIVE DAMAGES*

The Plaintiffs restate and reallege Paragraphs 1 through 37 above as if fully set forth herein, and further state:

**SCOLARO LAW**
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

54. At all times material hereto the Defendant, UNIVERSAL, and its agents, servants, employees, officers, directors and managers had actual knowledge that the Hollywood Rip Ride Rockit was unreasonably dangerous and knew for years that it was causing its patrons to suffer serious injuries. Nevertheless, Defendant Universal:

a. failed to correct the known dangerous condition of the Hollywood Rip Ride Rockit for years;

b. continued to operate and derive profits from the Hollywood Rip Ride Rockit despite UNIVERSAL's knowledge that serious injuries were occurring and were substantially likely to continue to occur;

c. failed to adequately, properly and sufficiently warn patrons including the Plaintiff, TRAVIS THACHER, of the dangerous condition of the Hollywood Rip Ride Rockit.

55. Defendant UNIVERSAL's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of its patrons, including the plaintiff TRAVIS THACHER.

56. Defendant UNIVERSAL, had actual knowledge of the wrongfulness of its conduct and the high probability that injuries to its

SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

patrons would continue to occur and despite that knowledge intentionally pursued that course of conduct, resulting in injury and damages to numerous patrons, including TRAVIS THACHER.

57. Defendant, UNIVERSAL's conduct constituted gross negligence and/or intentional misconduct within the meaning of Fla. Stat. § 768.72(2).

58. Defendant, UNIVERSAL and its officers, directors and mangers actively and knowingly participated in the afore described conduct; knowingly condoned ratified or consented to such conduct; and/or engaged in the afore described conduct which constituted gross negligence and contributed to the loss, damages or injuries suffered by TRAVIS THACHER.

WHEREFORE, Plaintiff, TRAVIS THACHER, hereby demand judgment for punitive damages from Defendant UNIVERSAL, together with any other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiffs, TRAVIS THACHER and LAUREN THACHER, hereby demand a trial by jury of all issues so triable as a matter of right.

RESPECTFULLY submitted this 8th day of June 2026.

SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

**SCOLARO LAW**

/s/ *Billy Rieder*
William T. Rieder Jr., Esq.
Florida Bar No. 0044834
Tom Scolaro, Esq.
Florida Bar No.: 178276

1728 Coral Way, Suite 702
Miami, Florida 33145
(305) 424-2300
(305) 424-2140 Facsimile
billy@usinjury.law
Tom@usinjury.law
alejandra@usinjury.law
barbie@usinjury.law
*Counsel for Plaintiff*